**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000419
01-JUL-2026
08:01 AM
Dkt. 68 SO

NO. CAAP-24-0000419

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR
ARGENT SECURITIES INC. ASSET-BACK PASS-THROUGH CERTIFICATES,
SERIES 2006-M1, UNDER THE POOLING AND SERVICING AGREEMENT
DATED JUNE 1, 2006, Plaintiff-Appellee,
v.
LOREEN DIRECTO TROXEL; Defendant-Appellant, and
MORTGAGE ENTERPRISE INVESTMENTS, Defendant-Appellee; and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10; DOE ENTITIES 1-10 and
DOE GOVERNMENTAL UNITS 1-10,
Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC171001941)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Defendant-Appellant Loreen Directo **Troxel** appeals from

the Circuit Court of the First Circuit's May 14, 2024 "Findings

of Fact [(**FOF**)], Conclusions of Law [(**COL**)] and Order Granting

[Plaintiff-Appellee **Deutsche Bank** National Trust Company, as

Trustee for Argent Securities Inc. 2006-M1, Asset-Back Pass-

Through Certificates, Series 2006-M1, Under the Pooling and

Servicing Agreement Dated June 1, 2006]'s Motion for Default Judgment and Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed November 28, 2017" (**Summary Judgment Order**) and Judgment.[1]  (Formatting altered.)

On appeal, Troxel challenges the granting of summary judgment and, to that end, FOF 10 and 11 and COL 2 and 3.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

**(1)** Troxel contends the circuit court erred by granting summary judgment, because "Deutsche Bank failed to prove . . . that it had standing by proving, through documentary evidence, that it had possession of the Note on the date it filed the Complaint."  (Formatting altered.)

We review the grant or denial of summary judgment de novo.  Nationstar Mortg. LLC v. Kanahele, 144 Hawai'i 394, 401, 443 P.3d 86, 93 (2019).

To establish standing to foreclose, a plaintiff must demonstrate "entitlement to enforce the note at the time the action was commenced."  Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 368, 390 P.3d 1248, 1255 (2017).  When a note is

_____

[1]  The Honorable James H. Ashford entered the May 14, 2024 Summary Judgment Order and Judgment.  The Honorable Jeannette H. Castagnetti presided over the hearing on Deutsche Bank's Motion for Default Judgment and Summary Judgment and Decree of Foreclosure.

2

indorsed in blank, it "becomes payable to the bearer and may be negotiated by transfer or possession alone." Id. at 370, 390 P.3d at 1257 (citing Hawaiʻi Revised Statutes § 490:3-205(b) (2008)). Thus, a plaintiff seeking to foreclose on a mortgage secured by a blank-indorsed note must establish it held the note at the time it filed the complaint. Id.

Here, Deutsche Bank provided business records from Clay Iwamura Pulice & Nervell (**Clay Iwamura**), which was in possession of the Note as Deutsche Bank's bailee. The business records included a copy of Clay Iwamura's "Special Courier Services Form" purporting to show that the Note was received by Clay Iwamura on February 13, 2017, and screenshots of the firm's Perfect Practice software purporting to confirm that date.

Deutsche Bank also provided a declaration of Sarah **Aila**, a paralegal of ten years at Clay Iwamura. Aila declared that, based on her review of and familiarity with Clay Iwamura's records and record-keeping practices, Clay Iwamura received the collateral file containing the original wet-ink Note on February 13, 2017. Aila also stated that she personally logged and confirmed the Note was placed in Clay Iwamura's vault the following day, which was about nine months before the Complaint was filed. The receipt of the Note was corroborated by the "Special Courier Services Form" and Perfect Practice screenshots showing possession of the Note from February 13, 2017.

Aila further declared that the Note never left Clay Iwamura's possession and that she personally inspected the Note on November 9, 2023, which was about five years after the Complaint was filed. Aila stated that the "original Note matches exactly the copy of the Note filed as **Exhibit 2** attached to" Deutsche Bank's Motion for Summary Judgment.

Thus, Aila showed that she had direct, personal knowledge that the original Note was in Clay Iwamura's possession when the Complaint was filed. See Reyes-Toledo, 139 Hawai'i at 370, 390 P.3d at 1257.

Troxel further argues that an alleged inconsistency in dates supports her contention that Deutsche Bank cannot prove possession of the Note at the time of the filing of the Complaint. Troxel asserts that the "Special Courier Services Form" indicated that the package containing the original wet-ink Note was logged on February 16, 2017, three days after it was logged in the electronic system as received on February 13, 2017.[2]

Troxel's argument is unavailing, because review of the "Special Courier Services Form" shows that the package, UPS No. 1Z 38E 65Y 02 9783 5153, was received on February 13, 2017.

---

[2] Even if there were a dispute as to whether the Note had been received on February 13 or February 16, 2017, the issue would not be material because Troxel points to no fact in evidence that the Note subsequently left the bailee's possession prior to when Deutsche Bank filed its Complaint nine months later.

And the screenshots of Clay Iwamura's case management software, Perfect Practice, show that the package was the "collateral file," which contained the original wet-ink Note, Mortgage, and Bailee Letter, as confirmed by Aila's declaration.

Thus, Deutsche Bank carried its burden of showing it was in possession of the Note at the relevant time. The burden then shifted to Troxel to point to specific facts in evidence showing that the challenged fact was material and in genuine dispute. See U.S. Bank N.A. v. Mattos, 140 Hawai'i 26, 30, 398 P.3d 615, 619 (2017) (quoting French v. Hawaii Pizza Hut, Inc., 105 Hawai'i 462, 470, 99 P.3d 1046, 1054 (2004)). Troxel points to no such facts. See id.

Accordingly, the circuit court did not err by granting Deutsche Bank's Motion for Summary Judgment.

**(2)** Troxel also contends the circuit court erred by granting Deutsche Bank's Motion for Summary Judgment, because Deutsche Bank could not prove it provided Troxel the Notice of Default prior to filing its Complaint.

To establish entitlement to foreclose, the foreclosing party must demonstrate (1) the existence of the agreement, (2) the terms of the agreement, (3) default under the terms of the agreement, and (4) the giving of requisite notice. Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370 1375 (App. 1982).

5

Here, Deutsche Bank supported its Motion for Summary Judgment with, among other things, a declaration of Juliana **Thurab**, Contract Management Coordinator and custodian of records for **PHH** Mortgage Corporation, which services Deutsche Bank's loans, and former custodian of records at **Ocwen** Loan Servicing Corporation, Deutsche Bank's prior loan servicer.  Deutsche Bank also provided PHH and Ocwen's records, including a copy of the Notice of Default, purporting to show that Ocwen sent it to Troxel on or around October 4, 2016, and screenshots of Ocwen's comment log and third-party vendor Covius's system-generated TrackRight log, purporting to confirm mailing on October 5, 2016.

Troxel argues that Deutsche Bank "cannot prove" that the Notice of Default was mailed to Troxel prior to the filing of the Complaint, because the Notice of Default was sent by a third-party vendor, Covius, and "Deutsche Bank presented no person with the Covius records that would attest to the default letter being mailed."

Thurab stated in her declaration that "PHH and Ocwen's records include and incorporate records from Covius documenting the creation and mailing of correspondence," which were generated in the regular course of business.

> Incorporated records are admissible under [Hawaiʻi Rules of Evidence] Rule 803(b)(6) when a custodian or qualified witness testifies that [1] the documents were incorporated and kept in the normal course of business, [2] that the incorporating business typically relies upon the accuracy of the contents of the documents, and [3] the circumstances otherwise indicate the trustworthiness of the document.

U.S. Bank Tr., N.A., as Tr. for LSF9 Master Participation Tr. v. Verhagen, 149 Hawaiʻi 315, 325-26, 489 P.3d 419, 429-30 (2021) (some brackets in original) (quoting Wells Fargo Bank, N.A. v. Behrendt, 142 Hawaiʻi 37, 45, 414 P.3d 89, 97 (2018)).  "[A] person is qualified to authenticate it if the person has 'enough familiarity with the record-keeping system of the business that "created" the record,' i.e., the receiving or incorporating business."  Id. at 325, 489 P.3d at 429 (quoting Behrendt, 142 Hawaiʻi at 45, 414 P.3d at 97).

Thurab was qualified to authenticate Covius's screenshots as a custodian of those records.  Thurab stated that Covius's TrackRight log was system-generated and that PHH validated Covius's correspondence reports daily and relied upon the records' accuracy.  That these records were system-generated and contemporaneously validated is indicative of their trustworthiness.  See id. at 325-26, 489 P.3d at 429-30.

Thus, Deutsche Bank carried its burden of showing the Notice of Default was mailed to Troxel by Covius on behalf of Ocwen on or around October 5, 2016.  The burden then shifted to Troxel to point to specific facts in evidence to show that the challenged fact was in genuine dispute.  See Mattos, 140 Hawaiʻi

at 30, 398 P.3d at 619 (quoting French, 105 Hawaiʻi at 470, 99 P.3d at 1054). Troxel points to no such facts. See id.

Accordingly, the circuit court did not err by granting Deutsche Bank's Motion for Summary Judgment.

**(3)** Based on Troxel's contention that the circuit court erred by granting summary judgment, Troxel challenges the following FOF and COL:

> [FOF] 10. Written notice was given to Defendant LOREEN DIRECTO TROXEL of the default and of Plaintiff's intention to accelerate the loan and foreclose the Mortgage if the default was not cured. However, despite said notice, Defendant LOREEN DIRECTO TROXEL failed, refused and neglected to cure the default. Consequently, Plaintiff exercised its option under the terms and covenants of the Note and Mortgage to accelerate the loan and to declare the entire unpaid principal balance under the Note and Mortgage, together with interest and other charges, immediately due and payable . . . .

> [FOF] 11. By reason of the above facts, Plaintiff is entitled to the foreclosure of the Mortgage and to the sale of the property.

> . . . .

> [COL] 2) Plaintiff has established its standing to enforce the Note as required by the Case [sic] of Bank of America, N.A. v. Reyes-Toledo, 139 [Hawaiʻi] 361, 390 P.3d 1248, (2017), and thereby to prosecute this foreclosure action.

> [COL] 3) Plaintiff satisfied all foreclosure elements under Bank of Honolulu[, N.A.] v. Anderson, 3 Haw. App. 545, 654 P.2d 1370 (App. 1982) and is entitled to foreclose on the subject Mortgage.

As discussed above, Deutsche Bank established standing and entitlement to bring its foreclosure action, and thus, the

circuit court did not clearly err by making the challenged FOF and COL.

Based on the foregoing, we affirm the circuit court's May 14, 2024 Summary Judgment Order and Judgment.

DATED:  Honolulu, Hawai'i, July 1, 2026.

On the briefs:

Keith M. Kiuchi,
for Defendant-Appellant.

Zachary K. Kondo,
Mary Martin,
(Clay Iwamura Pulice &
Nervell),
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge